**BUCKLEY LLP**
Geoffrey L. Warner (State Bar No. 305647)
gwarner@buckleyfirm.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

Valerie L. Hletko (*pro hac vice*)
vhletko@buckleyfirm.com
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

Scott T. Sakiyama (*pro hac vice*)
ssakiyama@buckleyfirm.com
353 N. Clark Street, Suite 3600
Chicago, Illinois 60654
Telephone: (312) 924-9800
Facsimile: (312) 924-9899

Attorneys for Defendant Carrington
Mortgage Services, LLC

BUCKLEY LLP
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMY THOMAS-LAWSON, BRENDA BOLEY, MIGUEL PADILLA, and WILLIAM GREEN, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARRINGTON MORTGAGE SERVICES, LLC, <br><br> Defendant. | Case No. 2:20-cv-07301-ODW(Ex) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS** <br><br> [Filed Concurrently with Notice of Motion and Motion, Declaration of Elizabeth Ostermann, and Declaration of Azita Guzzo; [Proposed] Order lodged concurrently] <br><br> Date:  December 7, 2020 <br> Time:  1:30p.m. <br> Courtroom:  5D <br><br> The Hon. Otis D. Wright, II <br> Magistrate Judge Charles F. Eick |

1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 4

LEGAL STANDARD ................................................................................................ 5

ARGUMENT .............................................................................................................. 5

  I. Plaintiffs Fail to State a Breach of Contract Claim. ..................................... 5

    A. Each Plaintiff Voluntarily Agreed to Pay a Payment Fee. ........................ 5

    B. Plaintiffs Do Not Sufficiently Allege Carrington Is a Party to Their Deeds of Trust. ............................................................................................................. 9

    C. Payment Fees Are Not Prohibited by Plaintiffs' Deeds of Trust. ............. 10

    D. HUD Regulations Cannot Support a Breach of Contract Claim. .............. 11

    E. Plaintiffs' Breach of Contract Claims Are Barred by the Voluntary Payment Doctrine. .................................................................................................. 13

  II. Plaintiffs Fail to State an FDCPA Claim. ...................................................... 15

    A. Carrington Is Not a "Debt Collector" as Defined in the FDCPA. .............. 15

    B. The Alleged Payment Fees Do Not Violate the FDCPA. ........................... 18

  III. Plaintiff Thomas-Lawson Fails to State an MCDCA or MCPA Claim. ......... 20

    A. Ms. Thomas-Lawson's Claim Solely Challenges the Validity of the Debt. ............................................................................................................... 21

    B. The Complaint Does Not Allege Either Element of a MCDCA Violation. ......................................................................................................... 22

  IV. Plaintiff Padilla Fails to State a Rosenthal Act Claim. .................................... 23

  V. Plaintiff Padilla Fails to State a CUCL Claim. ................................................ 26

  VI. Plaintiff Boley Fails to State a TDCA Claim. ................................................. 27

    A. The Payment Fee Was Legally Chargeable and Authorized. ...................... 27

    B. The Payment Fee Is Not Incidental to the Deed of Trust ............................ 28

    C. Ms. Boley Has Not Plausibly Alleged a Misrepresentation Under § 392.304(a)(12). .............................................................................................. 29

    D. The Economic Loss Rule Defeats Ms. Boley's TDCA Claim. ................... 30

CONCLUSION ........................................................................................................... 30

**BUCKLEY LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*2525 Capital Grp., LLC v. Dallas Home for Jewish Aged, Inc.*,
No. 3:08-CV-1673-L, 2010 WL 2402892 (N.D. Tex. June 11, 2010)..........19, 20

*2619 Realty, LLC v. Fid. & Guar. Ins. Co.*,
303 A.D.2d 299 (N.Y. App. Div. 2003)...............................................................10

*Adle-Watts v. Roundpoint Mortg. Servicing Corp.*,
No. CCB-16-400, 2016 WL 3743054 (D. Md. July 13, 2016)............................23

*Am. Metal Forming Corp. v. Pittman*,
52 F.3d 504 (4th Cir. 1995).................................................................................19

*Anderegg v. GMAC Mortg.*,
No. C 12-04136 LB., 2012 WL 6020098 (N.D. Cal. Dec. 2, 2012).....................4

*Anderson v. Ocwen Loan Servicing, LLC*,
No. 2:15-cv-05124-SVW-AGR, 2016 WL 11518592 (C.D. Cal.
Feb. 24, 2016).....................................................................................................24

*Artichoke Joe's Cal. Grand Casino v. Norton*,
353 F.3d 712 (9th Cir. 2003)...............................................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................5, 9, 16, 22

*Ayres v. Ocwen Loan Servicing, LLC*,
No. WDQ–13–1597, 2014 WL 4269051 (D. Md. Aug. 27, 2014).....................10

*Barlow Respiratory Hosp. v. CareFirst of Maryland, Inc.*,
No. CV-14-01335-MWF, 2014 WL 12573394 (C.D. Cal. June 24,
2014).......................................................................................................................8

*Barzelis v. Flagstar Bank*,
No. 4:12-CV-611-Y, 2016 WL 6471290 (N.D. Tex. Sept. 26, 2016)................28

*Beacon Terminal Corp. v. Chemprene, Inc.*,
75 A.D.2d 350 (N.Y. App. Div. 1980).................................................................19

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

*Bediako v. Am. Honda Fin. Corp.*,
  850 F. Supp. 2d 574 (D. Md. 2012), *aff'd*, 537 F. App'x 183 (4th
  Cir. 2013) ................................................................................................ 23

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 5

*Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*,
  630 S.W.2d 365 (Tex. App. 1982) ......................................................... 9

*BMG Direct Marktg., Inc. v. Peake*,
  178 S.W.3d 763 (Tex. 2005) ........................................................... 13, 14

*Bongalis-Royer v. RJ Worldwide, LLC*,
  No. 4:14-CV-330, 2015 WL 12778846 (E.D. Tex. July 16, 2015) .............. 27, 28

*Broder v. Cablevision Sys. Corp.*,
  329 F. Supp. 2d 551 (S.D.N.Y. 2004) ................................................... 11

*Capax Discovery, Inc. v. AEP RSD Inv'rs, LLC*,
  285 F. Supp. 3d 579 (W.D.N.Y. 2018) ................................................... 9

*Carroll Indep. Fuel, LLC v. Comptroller of Md.*,
  No. 792, 2019 WL 4391236 (Md. Ct. Spec. App. Sept. 13, 2019) .................. 14

*Chandler v. Wells Fargo Bank, N.A.*,
  No. 11-03831 SC, 2014 WL 31315 (N.D. Cal. Jan. 3, 2014), *aff'd*,
  637 F. App'x 413 (9th Cir. 2016) .......................................................... 12

*Chatman v. Fairbanks Capital Corp.*,
  No. 02 C 665, 2002 WL 1338492 (N.D. Ill. June 18, 2002) ....................... 8

*Conder v. Home Savings of Am.*,
  680 F. Supp. 2d 1168 (C.D. Cal. 2010) ................................................ 10

*CoStar Realty Info., Inc. v. Field*,
  612 F. Supp. 2d 660 (D. Md. 2009) ....................................................... 22

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ............................................................ 4, 6

*Dallas Cnty. Comm. Coll. Dist. v. Bolton*,
  185 S.W.3d 868 (Tex. 2005) ................................................................ 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BUCKLEY LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

MEMORANDUM IN SUPPORT OF DEF. CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS

*De Dios v. Int'l Realty & Invs.*,
    641 F.3d 1071 (9th Cir. 2011) .............................................................. 16

*Denison v. Citifinancial Servicing LLC*,
    No. C 16-00432 WHA, 2016 WL 1718220 (N.D. Cal. Apr. 29,
    2016) ..................................................................................................... 24

*Estate of Campbell v. Ocwen Loan Servicing, LLC*,
    No. 20-cv-80057-SINGHAL (S.D. Fla. Apr. 30, 2020) ................................ 18, 19

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*,
    790 N.E.2d 1155 (N.Y. 2003) ........................................................ 13, 14

*DRMAK Realty LLC v. Progressive Credit Union*,
    133 A.D.3d 401 (N.Y. App. Div. 2015) ...................................................... 13

*Duffee v. Collecto, Inc.*,
    No. 3-12-CV-0187-B, 2012 WL 652228 (N.D. Tex. Feb. 8, 2012),
    *report and recommendation adopted,* 2012 WL 666150 (N.D. Tex.
    Feb. 28, 2012) ........................................................................................ 20

*Farmer v. Bank of Am.*,
    No. 4:13-CV-472, 2014 WL 12575849 (E.D. Tex. July 15, 2014),
    *report and recommendation adopted sub nom., Farmer v. Bank of
    Am., N.A.,* No. 4:13CV472, 2014 WL 12573521 (E.D. Tex. Aug. 19,
    2014) ...................................................................................................... 27

*Flores v. Collection Consultants of California*,
    No. SA CV 14-0771-DOC, 2015 WL 4254032 (C.D. Cal. Mar. 20,
    2015) ............................................................................................... 18, 19

*Fontell v. Hassett*,
    574 F. App'x 278 (Mem), 279 (4th Cir. 2014) .......................................... 16

*Fontell v. Hassett*,
    870 F. Supp. 2d 395 (D. Md. 2012) *aff'd*, 574 F. App'x 278 (Mem),
    279 (4th Cir. 2014) ............................................................................. 2, 21

*Ford Motor Credit Co. v. Edwards*,
    302 Md. 102 (1985) ................................................................................. 11

*Francis v. Giacomelli*,
    588 F.3d 186 (4th Cir. 2009) .................................................................. 22

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

*Fremont Reorganizing Corp. v. Fed. Ins. Co.*,
  No. SACV 09-01208 JVS (ANx), 2013 WL 12124105 (C.D. Cal.
  Apr. 3, 2013) ................................................................................................ 10

*Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*,
  118 A.D.2d 532 (N.Y. App. Div. 1986) ..................................................... 14

*Great Divide Ins. Co. v. Workforce Mgmt. Sols., Inc.*,
  No. RDB-17-3326, 2017 WL 3727500 (D. Md. Aug. 30, 2017) ................... 9

*Halle Dev., Inc. v. Anne Arundel Cnty.*,
  808 A.2d 1280 (Md. 2002) ......................................................................... 13

*Hayes v. M & T Mortg. Corp.*,
  389 Ill. App. 3d 388 (2009) ....................................................................... 12

*Jackson v. Wells Fargo Home Mortg.*,
  No. 3:18-CV-937-M-BH, 2019 WL 3606463 (N.D. Tex. July 17,
  2019) .......................................................................................................... 27

*Kapsis v. Am. Home Mortg. Servicing, Inc.*,
  923 F. Supp. 2d 430 (E.D.N.Y. 2013) ........................................................ 10

*Kazovsky v. Metrocities Mortg., LLC*,
  No. 2:11-cv-06079-ODW, 2012 WL 13012694 (C.D. Cal. Mar. 27,
  2012) .......................................................................................................... 15

*Kedkad v. Microsoft Corp. Inc.*,
  No. C-13-0141 TEH, 2013 WL 4734022 (N.D. Cal. Sept. 3, 2013) ............ 11

*Klein v. Fid. & Deposit Co. of Am.*,
  117 Md. App. 317 (1997) ............................................................................ 10

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...................................................................... 6

*Kruse v. Bank of New York Mellon*,
  936 F. Supp. 2d 790 (N.D. Tex. 2013) ....................................................... 29

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
  242 S.W.3d 1 (Tex. 2007) .......................................................................... 30

*Leal v. Bank of New York Mellon*,
  No. CA C-12-265, 2012 WL 5465978 (S.D. Tex. Oct. 22, 2012) ............... 29

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

MEMORANDUM IN SUPPORT OF DEF. CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS

*Lembach v. Bierman*,
528 F. App'x 297 (4th Cir. 2013)..........................................................................23

*Leszanczuk v. Carrington Mortg. Servs., LLC*,
No. 19-cv-3038, 2020 WL 1445612 (N.D. Ill. Mar. 25, 2020)......................10, 12

*Littell v. Morton*,
369 F. Supp. 411 (D. Md. 1974), *aff'd,* 519 F.2d 1399 (4th Cir.
1975) ....................................................................................................................19

*Livingston v. Green Props., Inc.*,
160 A.2d 594 (Md. 1960) .....................................................................................22

*Logan v. Matveeskii*,
57 F. Supp. 3d 234 (S.D.N.Y. 2014) .....................................................................12

*Lyles v. Chegg, Inc.*,
No. RDB-19-3235, 2020 WL 1985043 (D. Md. Apr. 27, 2020) ...........................7

*MacDonell v. PHH Mortg. Corp.*,
45 A.D.3d 537 (N.Y. App. Div. 2007) .................................................................14

*Manigault v. Macy's East, LLC*,
318 F. App'x 6 (2d Cir. 2009) ...............................................................................8

*Mannello v. Residential Credit Sols., Inc.*,
No. 2:15-cv-07674-CAS-AJW, 2016 WL 94236 (C.D. Cal. Jan. 7,
2016) ....................................................................................................................17

*Marcotte v. Gen. Elec. Capital Servs., Inc.*,
709 F. Supp. 2d 994 (S.D. Cal. 2010) ..................................................................25

*Mariscal v. Flagstar Bank*,
No. ED CV 19-2023-DMG, 2020 WL 4804983 (C.D. Cal. Aug. 4,
2020) ....................................................................................................................26

*Meintzinger v. Sortis Holdings, Inc.*,
18-CV-2042 (BMC), 2019 WL 1471338 (E.D.N.Y. Apr. 3, 2019)....................20

*Nelson v. Ocwen Loan Servicing, LLC*,
No. H-16-778, 2016 WL 7324284 (S.D. Tex. Nov. 7, 2016), *report
and recommendation adopted*, No. H-16-778, 2016 WL 7242735
(S.D. Tex. Dec. 15, 2016).....................................................................................30

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

*Ng v. Wells Fargo Foothill LLC*,
    No. CV 12-08942 MMM, 2013 WL 12125565 (C.D. Cal. Mar. 14,
    2013) ............................................................................................................. 9

*Pfeifer v. Countrywide Home Loans, Inc.*,
    211 Cal. App. 4th 1250 (Ct. App. 2012) ............................................. 12

*Pruitt v. Alba Law Grp.*,
    No. DKC 15-0458, 2015 WL 5032014 (D. Md. Aug. 24, 2015) ........................ 21

*Pugh v. Corelogic Credco, LLC*,
    No. DKC-13-1602, 2013 WL 5655705 (D. Md. Oct. 16, 2013) ........................ 22

*Reid v. Ocwen Loan Servicing, LLC*,
    No. 20-cv-80130-SINGHAL, 2020 WL 5104539 (S.D. Fla. May 4,
    2020) ............................................................................................................. 19

*Richie v. JP Morgan Chase Bank*,
    No. 3:11-CV-1500-N, 2012 WL 12884859 (N.D. Tex. Dec. 13,
    2012) ............................................................................................................. 27

*Riggs v. Prober & Raphael*,
    681 F.3d 1097 (9th Cir. 2012) ............................................................. 25

*Schlegel v. Wells Fargo Bank, NA*,
    720 F.3d 1204 (9th Cir. 2013) ................................................... 15, 17

*Shishmanian v. ARS Nat'l Servs., Inc.*,
    No. CV 17-00608 SJO, 2017 WL 6940528 (C.D. Cal. May 16,
    2017) ............................................................................................................. 15

*Steinman v. Malamed*,
    185 Cal. App. 4th 1550 (2010) ................................................... 13, 14

*Tymon v. Linoki*,
    213 N.E.2d 661 (N.Y. 1965) ..................................................................... 8

*Van Buskirk v. Cable News Network, Inc.*,
    284 F.3d 977 (9th Cir. 2002) ..................................................................... 6

*VanHauen v. Am. Home Mortg. Servicing, Inc.*,
    No. 4:11-CV-461, 2012 WL 874330 (E.D. Tex. Feb. 17, 2012),
    *report and recommendation adopted*, No. 4:11-CV-461, 2012 WL
    874328 (E.D. Tex. Mar. 14, 2012) ............................................................. 9

**BUCKLEY LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................ 26

*Waddell v. U.S. Bank Nat'l Ass'n*,
   395 F. Supp. 3d 676 (E.D.N.C. 2019) ................................................ 19

*Wells Fargo Home Mortg., Inc. v. Neal*,
   398 Md. 705 (2007) ...................................................................... 12, 13

*Wiener v. Compagnie Generale Transatlantique*,
   61 F.2d 893 (2d Cir. 1932) .................................................................. 19

*Williams v. Wells Fargo Bank, N.A.*,
   884 F.3d 239 (5th Cir. 2018) ................................................................ 9

*Wittman v. CB1, Inc.*,
   No. CV15-105-BLG-SPW-CSO, 2016 WL 1411348 (D. Mont. Apr.
   8, 2016), *report and recommendation adopted*, No. CV 15-105-
   BLG-BMM, 2016 WL 3093427 (D. Mont. June 1, 2016 ................... 19

*Woodcock v. Chase Home Fin., LLC*,
   No. H-11-1199, 2012 WL 393260 (S.D. Tex. Feb. 3, 2012) ............... 29

*Zamora v. Penske Truck Leasing Co., L.P.*,
   No. 2:20-cv-02503-ODW, 2020 WL 4748460 (C.D. Cal. Aug. 17,
   2020) (Wright, J.) ................................................................................ 26

**Statutes**

California Rosenthal Act, Cal. Civ. Code §§ 1788.2, 1788.13(e),
   1788.14, and 1788.17 ............................................................... 23, 24, 25

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ............ 1, 3, 26

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(a), 1692f(1) ...............*passim*

Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law
   §§ 14-202(8), (11) ..................................................................... 20, 21, 22

Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-
   301(14)(iii).............................................................................. 1, 20, 23

Md. Code Ann., Com. Law §§ 1-201(b)(32), (34) .................................... 22

**BUCKLEY LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Texas Debt Collections Act, Tex. Fin. Code Ann. §§ 392.303(a)(2),
    392.304(a)(12) ......................................................................... 3, 27, 28, 29

**Other Authorities**

85 Cal. Op. Att'y Gen. 215, 2002 WL 31440180 (2002).................................... 24, 25

Federal Rule of Civil Procedure 9(b) ........................................................ 29

Federal Rule of Civil Procedure 12(b)(6)................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BUCKLEY LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Amy Thomas-Lawson, Brenda Boley, Miguel Padilla, and William Green bring a putative class action asserting that Carrington charged fees related to monthly mortgage payments that they elected to make through Carrington's servicing website or over the phone and that charging these fees constitutes (i) a breach of contract; (ii) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) ("FDCPA"); (iii) violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-202(8), (11) ("MCDCA"); (iv) violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301(14)(iii) ("MCPA"); (v) violations of the Texas Debt Collections Act, Tex. Fin. Code Ann. §§ 392.303(a)(2), 392.304(a)(12) ("TDCA"); (vi) violations of the California Rosenthal Act, Cal. Civ. Code §§ 1788.13(e), 1788.14, and 1788.17 ("Rosenthal Act"); and (vii) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("CUCL").[1]  Plaintiffs' claims—which are premised on the theory that the fees they paid to make mortgage payments online or over the phone ("Payment Fees") are prohibited by the terms of their loan agreements or these statutes—fail primarily because each Plaintiff voluntarily entered into a separate, subsequent agreement with Carrington specifically so that they could make their payments in a method not allowed under their Deeds of Trust and Notes.  These separate agreements, not the Deeds of Trust, control the terms of the Payment Fees.

Plaintiffs' breach of contract claims each rely on the terms of their Deeds of Trust,[2] but those are the wrong agreements in light of each Plaintiff's separate agreement with Carrington authorizing the Payment Fees.  Even if the Deeds of Trust

---

[1] Carrington moves to dismiss Ms. Boley and Mr. Green's claims in the alternative to Carrington's contemporaneously filed Motion to Compel Arbitration.

[2] Although Mr. Green's security instrument is a mortgage, it is included in Defendant's collective reference to Plaintiffs' Deeds of Trust.  *See* Compl. Ex. B.

did control, Plaintiffs have not sufficiently alleged that Carrington, the servicer of their loans, was a party to those contracts or that the terms in the Deeds of Trust prevent Carrington from charging Payment Fees.  Further, even if Plaintiffs could state a breach of contract claim, their claims would be barred by the voluntary payment doctrine.

Plaintiffs Thomas-Lawson, Boley, and Green's FDCPA claims are equally defective.  They each allege that Carrington violated a provision prohibiting debt collectors from collecting a fee "incidental to the principal obligation" that is not "authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  However, they fail to plead facts showing that the FDCPA applies to Carrington, *i.e.,* that Carrington qualifies as a "debt collector" under the statute. Instead, Plaintiffs allege that Carrington was "a party to" their Deeds of Trust, Compl. ¶¶ 126, 134, 151, and to the extent they allege Carrington is a creditor to their loans, that would mean Carrington was not a debt collector under the FDCPA.  Moreover, each Plaintiff fails to plead that he or she was "in default" when Carrington obtained servicing rights, a requirement for a servicer to be considered a debt collector under the FDCPA.  Even if they did plausibly allege that Carrington was a debt collector, their allegations that the Payment Fees violate the FDCPA remain insufficient.  Not only are such fees not "incidental to the principal [debt] obligation," as the FDCPA requires, but under the terms of their voluntary separate agreements with Carrington, the fees clearly are "permitted by law."  15 U.S.C. § 1692f(1).

Plaintiffs' state law claims, focusing on Carrington's right to collect the Payment Fees, fare no better.  With respect to Ms. Thomas-Lawson's Maryland claims, in order for the MCDCA to apply, Payment Fees must be considered debt, and Maryland law is clear that the MCDCA "is not a mechanism for attacking the validity of the debt itself."  *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012) *aff'd*, 574 F. App'x 278 (Mem), 279 (4th Cir. 2014).  In addition, a claim under the MCDCA would require an allegation that Carrington enforced a right to a debt "with knowledge

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    that the right does not exist," Compl. ¶ 162, but the Complaint merely alleges that

2    "Carrington knew that the Mortgage Agreements . . . did not expressly authorize

3    Carrington to collect" the Payment Fee, Compl. ¶ 163.  This bare recital of an element

4    of the cause of action cannot support an MCDCA claim given that the Deed of Trust

5    does not expressly limit Payment Fees and in light of the separate agreement

6    authorizing them.

7        Similarly, Mr. Padilla's Rosenthal Act claim fails because his allegation that

8    Carrington "regularly engages in debt collection as defined by the statute" is

9    insufficient to plausibly plead that it is a "debt collector" regulated by the Rosenthal

10   Act.  Compl. ¶ 186.  Further, Mr. Padilla did not allege facts supporting that his debt

11   had become delinquent, which is a requirement to be considered "consumer debt"

12   under the Rosenthal Act.  Mr. Padilla's CUCL claim is entirely derivative of his

13   Rosenthal Act claim and, accordingly, fails as well.

14       Ms. Boley's Texas state law claim must also be dismissed because it is not

15   unfair or unconscionable under the TDCA to collect fees that are "expressly

16   authorized" or "legally chargeable."  Tex. Fin. Code Ann. § 392.303(a)(2).  Her

17   agreement to accept the terms associated with her online payment made the fee

18   "legally chargeable."  Further, she fails to state a claim under Section 392.304(a)(12)

19   because the fees were "authorize[d]" by her separate agreement with Carrington and

20   therefore do not violate the provisions of that statute.  Tex. Fin. Code Ann. §

21   392.304(a)(12).

22       In short, Plaintiffs' claims are simply about a servicer assessing a fee that was

23   fully disclosed and agreed to for an elective payment method not provided for (nor

24   prohibited) by the terms of their Deeds of Trust.  As the United States Department of

25   Justice, the Department of Housing and Urban Development, and 49 state attorneys

26   general agreed in the 2012 National Mortgage Settlement,[3] that is permissible, and

27

28   _____
     [3] The 2012 National Mortgage Settlement, an agreement between the federal government, 49 state

1  the Court should dismiss Plaintiffs' Complaint in its entirety.

2  **FACTUAL BACKGROUND**

3  On October 24, 2007, Ms. Thomas-Lawson entered into a Deed of Trust and

4  executed a Note evidencing a loan secured by property in Maryland.[4]  Compl. ¶ 9.

5  On February 2, 2009, Mr. Green entered into a Mortgage and executed a Note secured

6  by real property in New York.  *Id*. ¶ 10.  On November 20, 2007, Ms. Boley entered

7  into a Deed of Trust and executed a Note secured by real property in Texas.  *Id*. ¶ 11.

8  On December 10, 2009, Mr. Padilla entered into a Deed of Trust and executed a Note

9  secured by real property in California.  *Id*. ¶ 12.  All Plaintiffs allege Carrington was

10 assigned their Deeds of Trust, Compl. ¶¶ 48, 63, 75, 90, and therefore is a party to

11 those agreements.  *Id*. ¶ 126, 134, 142, 151.  Ms. Thomas-Lawson's, Mr. Green's, and

12 Mr. Padilla's Deeds of Trust all contain the following provisions regarding fees:

13 "Fees.  Lender may collect fees and charges authorized by the Secretary."  Declaration

14 of Elizabeth Ostermann ("Ostermann Decl.") Ex. A ¶ 8; Compl. Ex. B ¶ 8; Compl.

15 Ex. D ¶ 8.  Ms. Boley's Deed of Trust contains the following provision regarding fees:

16

17 attorneys general, and the nation's five largest mortgage servicers, allowed fees disclosed on a
   schedule.  *See*  Press  Release,  Department  of  Justice,  (Feb.  9,  2012),
18 https://www.justice.gov/opa/pr/federal-government-and-state-attorneys-general-reach-25-billion-
   agreement-five-largest; *see, e.g.*, Bank of America Consent Judgment, Ex. A ¶ VI.B,
19 http://www.nationalmortgagesettlement.com/files/Consent_Judgment_BoA-4-11-12.pdf.

20 [4] Defendant conferred with counsel for Ms. Thomas-Lawson and the parties agree that for purposes
   of this motion, the Deed of Trust and Note attached as Exhibit A and Exhibit B to the Declaration
21 of Elizabeth Ostermann—filed concurrently with this Motion—govern the loan serviced by
   Carrington rather than the Deed of Trust attached as Exhibit A to the Complaint.  Compl. Ex. A.
22 Additionally, because Plaintiffs Green, Boley, and Padilla did not attach their Notes to the
   Complaint, they are attached as Exhibits C, D, and E, respectively to the Ostermann Declaration.
23 These documents may be considered on a motion to dismiss under the "incorporation by reference"
   doctrine because Plaintiffs' Deeds of Trust are attached to the Complaint and the Notes are integral
24 to the Complaint because they are referenced by the Deeds of Trust.  *Coto Settlement v. Eisenberg*,
   593 F.3d 1031, 1038 (9th Cir. 2010) (considering agreement that was integral to complaint in
25 deciding motion to dismiss even though not explicitly referenced in the complaint); *Anderegg v.*
   *GMAC Mortg.*, No. C 12-04136 LB, 2012 WL 6020098, at *1 n.4 (N.D. Cal. Dec. 2, 2012)
26 ("[A]lthough Exhibit 6 (the promissory note) is not a public record, the court takes judicial notice
27 of it because it is a document whose authenticity is not challenged and [plaintiff's] complaint relies
   upon it.") (citation omitted).

28

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

"In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." Compl. Ex. C ¶ 14. Finally, all Plaintiffs' notes contain a requirement that "[p]ayment shall be made" at a specified post office box. Ostermann Decl. Ex. B ¶ 4(B), Ex. C ¶ 4(B), Ex. D ¶ 4(B), Ex. E ¶ 4(B).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

## ARGUMENT

I.     **Plaintiffs Fail to State a Breach of Contract Claim.**

   A.     **Each Plaintiff Voluntarily Agreed to Pay a Payment Fee.**

Plaintiffs' breach of contract claims are premised on the theory that fees they paid to make mortgage payments online or by phone breached the terms of their Deed of Trust and Note. These claims fail because each of the alleged fees are governed by a separate agreement that Plaintiffs entered into with Carrington.

Ms. Thomas-Lawson, Mr. Padilla, and Ms. Boley ("Online Payment Plaintiffs") entered into separate agreements regarding the Payment Fee. Carrington maintains a servicing website that allows customers to make mortgage payments online after they have created an online account through the website. Declaration of

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

Azita Guzzo ("Guzzo Decl.") ¶ 3.[5]   One-time online payments to Carrington are processed through a payment processing vendor.  Guzzo Decl. ¶ 4.  The Complaint alleges that from 2017 to 2019, the Online Payment Plaintiffs made online payments to Carrington, each time incurring a Payment Fee.  During this period, Carrington's online payment process flow required customers to affirm their intention to complete the transaction after disclosure of the Payment Fee.  Guzzo Decl. ¶¶ 7, 8, 10.  Each time customers made an online payment during that time, they were required to log into their accounts on the Carrington website using their usernames and passwords and to navigate several steps to complete the transaction.  Guzzo Decl. ¶ 3.  For all alleged online payments prior to September 2019, the Online Payment Plaintiffs were required to choose either the "ONE-TIME PAYMENT" or "MAKE A PAYMENT" option in order to begin the transaction process, and were then presented with a screen displaying the "Online Payment Details" of the proposed transaction, including a statement that "[t]here is a $5 convenience fee when making one-time payment online."  Guzzo Decl. ¶¶ 7, 8, Ex. A at 4, Ex. B at 3-5.  To proceed, after viewing these details, these Plaintiffs selected a "MAKE A PAYMENT" button where they were presented with the terms and conditions that applied to the transaction.  After

---

[5] A copy of the Declaration of Azita Guzzo is filed concurrently.  The Guzzo Declaration sets forth the specific payments processes in place during the relevant time periods, and confirms that each payment process disclosed the existence and amount of the Payment Fee and required customers to affirmatively select a button to accept the payment terms in order to make a payment.  Guzzo Decl. ¶ 11, Exs. A-E.  "Under the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings" on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  It allows courts to consider documents in which "the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Here, the screenshots of the online payment process demonstrate that the Payment Fee was legally permissible because the Online Payment Plaintiffs agreed to it and so their claims that such fees were impermissible "depend[] upon" the online payment process, which can be considered by the Court. *See* Compl. ¶¶ 51-52, 56-58, 78-79, 81-84, 91-93; *Knievel*, 393 F. 3d at 1076 (although not referenced in the complaint, incorporating by reference webpages surrounding webpage with allegedly defamatory photograph and caption because they provided relevant context); *Coto*, 593 F.3d at 1038 (considering a separate agreement that was not explicitly referred to in the complaint under incorporation by reference where claim for unlawful conversion "depend[ed] in large part on its authorization to do so" found in the separate agreement).

Case No. 2:20-cv-07301-ODW(Ex)

reviewing the terms and conditions, they were required to select an "I AGREE" button in order to agree to the terms and conditions and move forward with the online payment process. Guzzo Decl. ¶¶ 7, 8, Ex. A at 5, Ex. B at 6. To complete the transaction, the Online Payment Plaintiffs then manually entered both a payment amount and their banking information into an interactive webpage, which displayed the amount of the Payment Fee associated with the transaction, next to a statement that "[t]here is a $5.00 Convenience Fee for this service." Guzzo Decl. ¶¶ 7, 8, Ex. A at 6, Ex. B at 7. They then completed the transaction by selecting "Continue." *Id.*[6]

In short, the Online Payment Plaintiffs could not have completed the online payment process without agreeing to the terms of the service, including the Payment Fee. Courts across the country[7] "have upheld [the validity of] clickwrap agreements" like this—"agreements that require a customer to affirmatively click a box on the website acknowledging receipt of an assent to the contract terms before he or she is allowed to proceed using the website." *See, e.g., Lyles v. Chegg, Inc.*, No. RDB-19-3235, 2020 WL 1985043, at *3 (D. Md. Apr. 27, 2020) (quotations omitted).

Similarly, Mr. Green entered into a separate agreement regarding the fee he was charged for making a payment over the phone in November 2019. Compl. ¶ 10. Mr. Green called Carrington and verified his identity using the last four digits of his

---

[6] For transactions beginning in September 2019 the process differed slightly but in a non-material way. After selecting "MAKE A PAYMENT," the Online Payment Plaintiffs were presented with the total amount to be paid, including the Payment Fee amount associated with the transaction ("Convenience Fee $5.00"), and then required to select "Verify Payment" and to view a "Debit Authorization" screen displaying the terms and conditions associated with the online payment. Guzzo Decl. ¶ 10, Ex. D at 3-5, 8-10. The Debit Authorization screen states: "I understand that the convenience fee displayed will be included in the total payment amount" and that, "[b]y agreeing to complete this transaction, you are hereby agreeing to the terms and conditions available on Speedpay.com/terms." Guzzo Decl. ¶ 10, Ex. D at 10. To continue, the Online Payment Plaintiffs were required to select "I accept" to assent to the terms governing the online payment, including the Payment Fee. Guzzo Decl. ¶ 10, Ex. D at 20.

[7] Ms. Thomas-Lawson's Deed of Trust is "governed by Federal law and the law of the jurisdiction in which the Property is located," which in her case is Maryland. Ostermann Decl. Ex. A ¶ 14. Ms. Boley's Deed of Trust is governed by Texas law and Mr. Padilla's Deed of Trust is governed by California law based on the same language in their Deeds of Trust. Compl. Ex. C ¶ 16, Ex. D ¶ 14.

MEMORANDUM IN SUPPORT OF DEF. CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

social security number.  Ostermann Decl. Ex. F at 1. [8]  Carrington informed him of the amount of his payment without the processing fee, and that "with the processing fee, the total will be $1,356.52."  Ostermann Decl. Ex. F at 6.  In addition, the process flow informed Mr. Green, "[T]o confirm, you authorize Carrington Mortgage to debit your checking account on November 13, 2019, for the amount of $1,356.52, which includes a $20 convenience fee. As an authorized signer, you're hereby agreeing to the terms and conditions available on SpeedPay.com.  Do we have your permission to complete the transaction?"  *Id.*, Ex. F at 6.  Mr. Green responded, "Yes," at which point Carrington submitted the payment and provided Mr. Green with a confirmation number for the payment.  *Id.*  By affirmatively stating "Yes" to complete the transaction for the mortgage payment that included the disclosed Payment Fee, Mr. Green clearly manifested his assent to pay the Payment Fee.  *Manigault v. Macy's East, LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) ("A contract may be formed *by words* or by conduct that demonstrate the parties' mutual assent.") (emphasis added); *Tymon v. Linoki*, 213 N.E.2d 661, 663-64 (N.Y. 1965) (affirming verbal acceptance to written terms and collecting cases).[9]

Because each Plaintiff agreed to pay the Payment Fees in exchange for a method of payment not provided for in their loan agreements and the Payment Fees were clearly disclosed, Plaintiffs' breach of contract claims fail.  *See Chatman v. Fairbanks Capital Corp.*, No. 02 C 665, 2002 WL 1338492, at *3 (N.D. Ill. June 18,

---

[8]  The Court may consider the audio recording of Mr. Green's phone payment, which is being manually filed as a non-paper exhibit contemporaneously with the court, and the transcript of Mr. Green's phone payment from November 2019, which is attached as Exhibit F to the Ostermann Declaration.  The audio file is being submitted to the Court as a non-paper exhibit.  Mr. Green's claims turn on whether the Payment Fee Carrington charged him was legally permissible, and the recording and transcript demonstrate that the Payment Fee was legally permissible because Mr. Green agreed to it.  The recording and transcript are therefore integral to the Complaint and can be considered by the Court.  *See* Compl. ¶¶ 55-58, 66-70, 80-85, 92-94, 97-98; *Barlow Respiratory Hosp. v. CareFirst of Maryland, Inc.*, No. CV-14-01335-MWF (SSx), 2014 WL 12573394, at *2, 6 (C.D. Cal. June 24, 2014) (incorporating by reference transcript of telephone call to determine whether the parties had entered into an oral contract).
[9]  Mr. Green's Mortgage is "governed by Federal law and the law of the jurisdiction in which the Property is located," which in his case is New York.  Compl. Ex. B ¶ 14.

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

2002) ("The mortgage and note cannot anticipate every service request made by a borrower. The borrower is not entitled to services from the lender free of charge just because the lender did not anticipate the request.") (collecting cases).

### B. Plaintiffs Do Not Sufficiently Allege Carrington Is a Party to Their Deeds of Trust.

In support of their breach of contract claims, Plaintiffs allege that Carrington violated the terms of their Deeds of Trust.  Compl. ¶¶ 124-157.  However, the Deeds of Trust plainly are agreements between Plaintiffs and their lenders, not Carrington. Compl. Exs. B, C, D; Ostermann Decl. Ex. A.  "[A] suit for breach of contract may not be maintained against a person who is not a party to the contract." *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App. 1982); *Capax Discovery, Inc. v. AEP RSD Inv'rs, LLC*, 285 F. Supp. 3d 579, 593 (W.D.N.Y. 2018) (dismissing breach of contract claims against defendants that were not parties to the agreement because "[u]nder New York law, a breach of contract action may only be maintained against a party to the contract"); *Ng v. Wells Fargo Foothill LLC*, No. CV 12-08942 MMM (AJWx), 2013 WL 12125565, at *3 (C.D. Cal. Mar. 14, 2013) (same but under California law); *Great Divide Ins. Co. v. Workforce Mgmt. Sols., Inc.*, No. RDB-17-3326, 2017 WL 3727500, at *2 (D. Md. Aug. 30, 2017) (same but under Maryland law).

Although Plaintiffs assert that Carrington "became a party to the [Deeds of Trust]," they allege no facts in support.  *See Iqbal*, 556 U.S. at 679 (legal conclusions are not entitled to the assumption of truth accorded to factual allegations at the pleading stage); *VanHauen v. Am. Home Mortg. Servicing, Inc.*, No. 4:11-CV-461, 2012 WL 874330, at *6 (E.D. Tex. Feb. 17, 2012), *report and recommendation adopted*, No. 4:11-CV-461, 2012 WL 874328 (E.D. Tex. Mar. 14, 2012) (dismissing breach of contract claim against loan servicer where the "[p]laintiff fail[ed] to allege any facts to support her conclusory allegation that '[the loan servicer] assumed the obligations of the loan agreements'").  Plaintiffs appear to rely solely on the fact that

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL: (310) 424-3900 • FAX (310) 424-3960

1  Carrington "became [the] servicer" of their loans.  *See* Compl. ¶¶ 126, 134, 142, 151.

2  That is not enough.  *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 243 (5th

3  Cir. 2018) (concluding that a loan servicer was not liable for breach of contract based

4  on deed of trust where it was never a party to the agreement or an assignee); *Kapsis*

5  *v. Am. Home Mortg. Servicing, Inc.*, 923 F. Supp. 2d 430, 451 (E.D.N.Y. 2013) (same

6  under New York law); *Ayres v. Ocwen Loan Servicing, LLC*, No. WDQ–13–1597,

7  2014 WL 4269051, at *4 (D. Md. Aug. 27, 2014) (same under Maryland law); *Conder*

8  *v. Home Savings of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (same under

9  California law).

10  **C.    Payment Fees Are Not Prohibited by Plaintiffs' Deeds of Trust.**

11      Ms. Thomas-Lawson, Mr. Padilla, and Mr. Green allege that their Deeds of

12  Trust "*only* permit[] Carrington to collect 'fees and charges authorized by the

13  Secretary,' i.e., the Secretary of the U.S. Department of Housing and Urban

14  Development."  Compl. ¶¶ 128; 145; 152 (emphasis added).  This is demonstrably

15  false.  The full text of the provisions cited in the Complaint—Paragraph 8 in the Deeds

16  of Trust—provides that the "[l]ender *may* collect fees and charges authorized by the

17  Secretary."  Compl. Exs. B, D ¶ 8; Ostermann Decl. Ex. A ¶ 8 (emphasis added).

18  Rather than limiting a lender's right to charge fees, the phrase "may collect" is, in its

19  ordinary use, entirely permissive.  *See Klein v. Fid. & Deposit Co. of Am.*, 117 Md.

20  App. 317, 332 (1997) ("[I]n construing contracts, courts give words their ordinarily

21  accepted meaning when contract terms are undefined."); *Fremont Reorganizing*

22  *Corp. v. Fed. Ins. Co.*, No. SACV 09-01208 JVS (ANx), 2013 WL 12124105, at *10

23  (C.D. Cal. Apr. 3, 2013) (same) (citing *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619,

24  627 (Cal. 1995)); *2619 Realty, LLC v. Fid. & Guar. Ins. Co.*, 303 A.D.2d 299, 300-

25  01 (N.Y. App. Div. 2003) (same).  As a district court in Illinois recently held in a case

26  alleging the improper assessment of fees, "Paragraph 8 is entirely permissive and

27  includes no words of limitation or exception."  *Leszanczuk v. Carrington Mortg.*

28  *Servs., LLC*, No. 19-cv-3038, 2020 WL 1445612, at *4 (N.D. Ill. Mar. 25, 2020)

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    (comparing "may collect" language in Paragraph 8 to "may, except as limited by

2    regulations" language in Paragraph 9).   Accordingly, Paragraph 8 authorizes fees

3    allowed by the Secretary and is silent as to any other types of fees, including the

4    Payment Fees.[10]

5          Like the other Plaintiffs, Ms. Boley alleges that her Deed of Trust does not

6    "expressly authorize" Payment Fees.  Compl. ¶ 135.  However, whether a fee is

7    expressly *authorized* is inconsequential because the terms of Ms. Boley's Deed of

8    Trust prohibit her Lender only from "charg[ing] fees that are expressly *prohibited* by

9    this Security Instrument or by Applicable Law."  Compl. Ex. C ¶ 14 (emphasis added).

10   It additionally provides that, "In regard to any other fees, the absence of express

11   authority in this Security Instrument to charge a specific fee to Borrower *shall not be*

12   *construed as a prohibition* on the charging of such fee."  Compl. Ex. C ¶ 14 (emphasis

13   added).  And Payment Fees are not prohibited anywhere in the Deed of Trust.

14         **D.    HUD Regulations Cannot Support a Breach of Contract Claim.**

15         Even if the text of Paragraph 8 in Ms. Thomas-Lawson, Mr. Padilla, and Mr.

16   Green's Deeds of Trust did include words of limitation that could support Plaintiffs'

17   theory that charging a Payment Fee was a violation of HUD regulations, Paragraph 8

18   does not incorporate HUD regulations regarding fees into the agreement.  A "mere

19   reference" to the existence of regulations does not incorporate specific regulations

20   into a contract.  *See Ford Motor Credit Co. v. Edwards*, 302 Md. 102, 108 (1985); *see*

21   *also Kedkad v. Microsoft Corp. Inc.*, No. C-13-0141 TEH, 2013 WL 4734022, at *5-

22   6 (N.D. Cal. Sept. 3, 2013) (finding reference too attenuated to satisfy California's

23   "clear and unequivocal" requirement); *Broder v. Cablevision Sys. Corp.*, 329 F. Supp.

24   2d 551, 558-59 (S.D.N.Y. 2004) (dismissing breach of contract claim because

25

26   _____

27   [10] Plaintiffs' allegation that Paragraph 7 includes an "express limitation" on fees is equally
     unfounded given that, as the Complaint highlights, that provision addresses whether "amounts
28   *disbursed* by the Lender" are secured under the Deed of Trust, not whether fees *paid* by the Borrower
     are allowed.  *See* Compl. ¶¶ 132, 149, 156.

reference to "applicable law" did not incorporate specific statutory prohibitions into contract, particularly where the alleged statutes did not provide for a private right of action).

Paragraph 8 of Ms. Thomas-Lawson, Mr. Padilla, and Mr. Green's Deeds of Trust does not reference HUD regulations at all, much less Appendix 3 to the HUD Single Family Housing Policy Handbook, which these Plaintiffs allege controls the terms of fees allowed by the Deed of Trust. Compl. ¶¶ 129, 146, 153. If HUD regulations were meant to be incorporated into the terms of these Deeds of Trust and to limit a servicer's ability to collect fees, the regulations would have been expressly referenced. *See Leszanczuk*, 2020 WL 1445612, at *4 (holding under Illinois law that an identical provision did not expressly incorporate any limitations based on HUD regulations); *Chandler v. Wells Fargo Bank, N.A.*, No. 11-03831 SC, 2014 WL 31315, at *5 (N.D. Cal. Jan. 3, 2014), *aff'd,* 637 F. App'x 413 (9th Cir. 2016) ("[C]ourts have been reluctant to incorporate statutory or HUD regulatory provisions into a contract unless the contract explicitly provides for their incorporation."). Further, the very next paragraph in these Deeds of Trust includes the precise incorporation that Paragraph 8 lacks, stating that "[t]his Security Instrument *does not authorize* acceleration or foreclosure *if not permitted by regulations of the Secretary*," illustrating how Paragraph 8 would read if any limits were intended. *See* Compl. Exs. C, E ¶ 9(d); Ostermann Decl. Ex. A ¶ 9(d) (emphasis added).

Finally, even if the Deeds of Trust governed the Payment Fees and HUD regulations were incorporated by reference into Paragraph 8—and they were not— "the weight of authority around the country roundly rejects the notion that either the [National Housing Act] or associated HUD regulations support either direct or implied private causes of action for their violation." *Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 715 (2007) (citations omitted); *see also Hayes v. M & T Mortg. Corp.*, 389 Ill. App. 3d 388, 391 (2009) ("[W]hile HUD regulations are intended to govern FHA-insured loan transactions with the force of law, their breach does not

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

create a private cause of action."); *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1282 (Ct. App. 2012) (same) (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)); *Logan v. Matveeskii*, 57 F. Supp. 3d 234, 274 (S.D.N.Y. 2014) (same). "[T]he regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Neal*, 398 Md. at 719 (holding that the HUD regulations referenced in a loan document did not create a contractual obligation for an assignee of the loan). Accordingly, whether HUD regulations were incorporated into the Deed of Trust or not, Ms. Thomas-Lawson, Mr. Padilla, and Mr. Green's breach of contract claims fail because the regulations that form the basis of the alleged contractual violations did not create a contractual obligation for Carrington.[11]

### E.    Plaintiffs' Breach of Contract Claims Are Barred by the Voluntary Payment Doctrine.

The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 790 N.E.2d 1155, 1156 (N.Y. 2003) (affirming dismissal of class action complaint alleging that defendant unlawfully charged a $5 late fee that was "intended to be a reasonable estimate of its costs" but was actually an "unlawful penalty bearing no relation to defendant's actual costs incurred in servicing such payments" under the voluntary payment doctrine); *see also BMG Direct Marktg., Inc. v. Peake*, 178 S.W.3d 763, 774 (Tex. 2005); *Steinman v. Malamed*, 185 Cal. App. 4th 1550, 1558 (2010); *Halle Dev., Inc. v. Anne Arundel Cnty.*, 808 A.2d 1280, 1286-87 (Md. 2002). "The onus is on a party that receives what it perceives as an improper demand for money to take its

---

[11] To the extent Plaintiffs allege breach of contract based on violations of the FDCPA or state statutes and regulations, such breach of contract claims fail because Plaintiffs fail to sufficiently allege violations under those statutes and regulations, as described below.

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

position at the time of the demand, and litigate the issue before, rather than after, payment is made." *DRMAK Realty LLC v. Progressive Credit Union*, 133 A.D.3d 401, 402-03 (N.Y. App. Div. 2015) (quotation omitted) (dismissing breach of contract claim disputing payments made for excess interest and for "charges not incurred or owed" under a mortgage).

Plaintiffs each had "full knowledge" of the facts concerning their Payment Fees because the existence and amount of the fees were disclosed, and each Plaintiff expressly agreed to pay them. *BMG Direct,* 178 S.W.3d at 774 ("[W]hen a person pays a late fee knowing its amount and the circumstances under which it would be imposed, that person pays in the face of a recognized uncertainty sufficient to satisfy the voluntary-payment rule's full-knowledge requirement."); *MacDonell v. PHH Mortg. Corp.*, 45 A.D.3d 537, 539 (N.Y. App. Div. 2007); *Carroll Indep. Fuel, LLC v. Comptroller of Md.*, No. 792, 2019 WL 4391236, at *6 (Md. Ct. Spec. App. Sept. 13, 2019).

Nor do Plaintiffs allege any fraud, mistake, duress, or coercion in voluntarily paying the Payment Fees because the no-cost method of payment prescribed in their Notes—by sending payments to a physical address—were equally available to them. *Steinman*, 185 Cal. App. 4th at 1558 (citation omitted); *Dallas Cnty. Comm. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 881 (Tex. 2005) ("The increase in the student services fee may create financial incentives, but such financial incentives or disincentives do not transform a choice into coercion. Payment of the increased fee was not mandatory for any member of the Class."). Each "made the subject payments voluntarily, as a matter of convenience," and as a result, their breach of contract claims must be dismissed. *Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*, 118 A.D.2d 532, 535 (N.Y. App. Div. 1986); *Dillon,* 790 N.E.2d at 1156 ("Here, no fraud or mistake is alleged in that, according to the complaint, plaintiff knew she would be charged a $5 late fee if she did not make timely payment."). Because Plaintiffs' fee payments were made voluntarily, their breach of contract claims must be dismissed.

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

## II.    Plaintiffs Fail to State an FDCPA Claim.

To state an FDCPA claim, a plaintiff must allege that (1) she has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Shishmanian v. ARS Nat'l Servs., Inc.*, No. CV 17-00608 SJO, 2017 WL 6940528, at \*4 (C.D. Cal. May 16, 2017) (citation omitted).

### A.    Carrington Is Not a "Debt Collector" as Defined in the FDCPA.

To be a "debt collector" under the FDCPA, a person must "collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*."  15 U.S.C. § 1692a(6) (emphasis added).  Creditors collecting their own debts are not "debt collectors" for purposes of the FDCPA.  *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013).  Here, Plaintiffs Thomas-Lawson, Boley, and Green each state in their Complaint that when Carrington acquired the servicing rights to each mortgage loan, Carrington "became a party to" Plaintiff's Deeds of Trust.  Compl. ¶¶ 126, 134, 142, 151.[12]  If Plaintiffs intended to state that Carrington became a creditor to their loans, then these allegations mean Carrington would not have been collecting a debt "due another" and was not a "debt collector" under the FDCPA when Plaintiffs made the alleged mortgage payments and paid the Payment Fees.  Compl. ¶¶ 9-12.

If, instead, Plaintiffs intended to imply that Carrington was only a "party" to their mortgage loans as a servicer, the "FDCPA does not apply to . . . mortgage servicing companies, or assignees of the mortgage debt, so long as the debt was not in default at the time the debt was assigned." *Kazovsky v. Metrocities Mortg., LLC*, No. 2:11-cv-06079-ODW (FMOx), 2012 WL 13012694, at \*8 (C.D. Cal. Mar. 27, 2012) (Wright, J.). It is undisputed that Carrington was acting as a mortgage servicer

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

---

[12] While Mr. Padilla does not allege a stand-alone FDCPA claim, he alleges a Rosenthal Act claim that is derivative of an FDCPA violation.  *See infra* Section IV.  Arguments in this section apply equally to his Rosenthal Act claim to the extent it is derivative of an FDCPA claim.

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

with respect to Plaintiffs' loans.  *See* Compl. ¶¶ 9-12.  Importantly, Plaintiffs fail sufficiently to allege that their loans were in default at the time Carrington began servicing them.  Plaintiffs Thomas-Lawson and Boley studiously allege that they had "a past-due balance at the time Carrington acquired the servicing rights."  Compl. ¶¶ 48, 75.  "Although 'default' is not defined by the FDCPA, a default generally does not occur immediately upon a debt becoming due, unless the terms of the parties' relevant agreement dictate otherwise."  *Fontell v. Hassett*, 574 F. App'x 278 (Mem), 279 (4th Cir. 2014) (citation omitted); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) (requiring courts to look to the underlying contract governing the debt at issue to determine whether a loan is "in default").  Here, the terms of the Deeds of Trust state precisely when the loan is "in default"—upon failure to pay the monthly payment in full "prior to or on the due date of the next monthly payment." Compl. Ex. D ¶ 9(A); Ostermann Decl. Ex. A ¶ 9(a).  Having a "past-due balance" is not the same thing as being in default.

Ms. Thomas-Lawson's and Ms. Boley's conclusory allegations that "Carrington acquired [each of their] loan[s] in default," Compl. ¶ 49, 76—after specifically alleging that each had only a "past-due balance" in the immediately preceding paragraphs are equally insufficient.  A conclusion that a plaintiff was in default as defined by her Deed of Trust need not be accepted as true, and merely reciting a statutory requirement cannot support their claims.  *Iqbal*, 556 U.S. at 678 ("tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient to state a claim) (citing *Twombly*, 550 U.S. at 555-57).

While Mr. Green states that his "loan was in default at the time Carrington acquired the servicing rights," this conclusory statement also is insufficient.  Compl. ¶ 63.  The terms of Mr. Green's loan had the same definition of "in default" as Ms. Thomas-Lawson's and Ms. Boley's.  Compl. Ex. B ¶ 9(a).  However, Mr. Green fails to allege any factual information that could support a conclusion that his loan was "in default," such as (1) when Carrington acquired the servicing rights to his loan; (2)

whether at the time that Carrington acquired the servicing rights, whether Mr. Green had failed to pay the amount of his monthly mortgage in full prior to or on the due date of his next monthly payment. Compl. ¶ 63 ("Carrington acquired the servicing rights to the loan. Mr. Green's loan was in default at the time Carrington acquired the servicing rights."); *accord Mannello v. Residential Credit Sols., Inc.*, No. 2:15-cv-07674-CAS-AJW, 2016 WL 94236, at *4-5 (C.D. Cal. Jan. 7, 2016) (finding allegations insufficient where the plaintiff merely stated that loan was in default when the servicer acquired rights but did not otherwise "describe or define the terms of plaintiff's default").

Moreover, none of the Plaintiffs offer any factual allegations showing "either that the 'principal purpose' of [Carrington's] business is debt collection, as required by the first definition in section 1692(a)(6) of the FDCPA, or that [Carrington] 'regularly collects … debts owed or due or asserted to be owed or due another,' as required by the second definition in section 1692(a)(6)." *Mannello*, 2016 WL 94236, at *5 (quoting 15 U.S.C. § 1692(a), citing *Schlegel*, 720 F.3d at 1208-09). Instead, the Complaint merely includes as an allegation the statutory definition of "debt collector." *Compare* Compl. ¶ 49, 64, 76 ("Carrington's *principal purpose* is to collect debt, and it used *interstate commerce* to collect debt. Carrington *regularly collects debts* which are *owed and due another*.") (emphasis added), *with* 15 U.S.C. § 1692(a)(6) (defining "debt collector" as any "person who uses any instrumentality of *interstate commerce* or the mails in any business the *principal purpose* of which is the *collection* of any *debts,* or who *regularly collects . . . debts owed or . . . due another*") (emphasis added). Such threadbare recitations of the statutory language without actual factual allegations concerning Carrington's business are insufficient as a matter of law. *Schlegel,* 720 F.3d at 1209 (dismissing FDCPA claim where the complaint made "no factual allegations from which [the court] could plausibly infer" that the "principal purpose" of the defendant's business was debt collection, as opposed to "some part" where defendant was attempting to collet its own debt).

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**B.    The Alleged Payment Fees Do Not Violate the FDCPA.**

The FDCPA prohibits the "collection of any amount (including any . . . fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  The Payment Fees were not incidental to their mortgage debt and are permitted under applicable contract law.

> **1.    *Voluntary Payment Fees are not "incidental to the principal obligation."***

Section 1692(f)(1) applies to a "debt" or a charge "incidental to" a debt. 15 U.S.C. § 1692(f)(1). The Payment Fees are not "debts" under the FDCPA because they are charged for an optional service not provided for in the Deeds of Trust, are agreed to and assented to contemporaneously, and a borrower has no 'obligation' to pay them. 15 U.S.C. § 1692a(5); *Estate of Campbell v. Ocwen Loan Servicing, LLC*, No. 20-cv-80057-SINGHAL, 2020 WL 5104538 at *2 (S.D. Fla. Apr. 30, 2020) ("The not-yet-incurred convenience fee is not a debt under the plain meaning of [the FDCPA].").  Nor are the Payment Fees "incidental" to the FDCPA Plaintiffs' mortgage debts. Unlike late fees or interest charges, the Payment Fees at issue were charged in connection with a borrower electing an entirely voluntary payment method.  As Judge Carter has explained in determining that a similar fee does not violate the FDCPA:

> The Court concludes that the charge was not "incidental" to the principal obligation. 15 U.S.C. § 1692f(1).  It is undisputed that this charge would be imposed only if the debtor elected to pay via credit card.  While this payment method was offered in the letter, the letter also provided for payment without additional charge if the debtor elected to pay by check. Nothing in the letter steered the consumer to payment by credit card, and the letter provided clear notice that the fee was imposed only upon those who sought to pay via credit card.  A consumer must choose to affirmatively and separately opt-in to this alternative method.

*Flores v. Collection Consultants of California*, No. SA CV 14-0771-DOC (RNBx),

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015).  In dismissing similar claims, recent opinions in other district courts have sided with *Flores*, confirming that optional fees are separate transactions and thus not incidental to the debt. *Campbell*, 2020 WL 5104538, at *2 ("Logically, it is difficult to define as a debt something that isn't yet owed. . . . The debt portion of the payment is the overdue mortgage payment.  The not-yet-incurred convenience fee is not a debt under the plain meaning [the FDCPA].");  *Reid v. Ocwen Loan Servicing,* LLC, No. 20-cv-80130-SINGHAL, 2020 WL 5104539, at *1 (S.D. Fla. May 4, 2020) (same); *see also Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676 (E.D.N.C. 2019) (granting motion to dismiss optional fees under North Carolina statute).[13]

## 2.  *Voluntary Payment Fees are permitted by separate agreement under applicable contract law.*

Under Maryland, New York, and Texas law, parties are free to modify a contract by altering or adding provisions. *Am. Metal Forming Corp. v. Pittman*, 52 F.3d 504, 509 (4th Cir. 1995) (citing *Littell v. Morton*, 369 F. Supp. 411, 422 (D. Md. 1974), *aff'd,* 519 F.2d 1399 (4th Cir. 1975)); *Wiener v. Compagnie Generale Transatlantique*, 61 F.2d 893, 895 (2d Cir. 1932); *2525 Capital Grp., LLC v. Dallas Home for Jewish Aged, Inc.*, No. 3:08-CV-1673-L, 2010 WL 2402892, at *4-7 (N.D. Tex. June 11, 2010).  Further, certain terms or provisions in an agreement "may be revoked by a new agreement between the parties which contradicts it."  *Wiener*, 61 F.2d at 895; *Littell*, 369 F. Supp. at 422; *Beacon Terminal Corp. v. Chemprene, Inc.*,

---

[13] Some courts have split with *Flores* over whether such fees are "incidental" to mortgage debt. *See, e.g.*, *Wittman v. CB1, Inc.*, No. CV15-105-BLG-SPW-CSO, 2016 WL 1411348, at *4-5 (D. Mont. Apr. 8, 2016), *report and recommendation adopted*, No. CV 15-105-BLG-BMM, 2016 WL 3093427 (D. Mont. June 1, 2016) (a fee imposed for using a certain payment method is incidental to the principal obligation).  The Court should adopt the better reasoning of *Flores* and the decisions that follow it.  These decisions properly recognize that such fees arise from the borrower's desire to use an optional payment method, not from an obligation to pay the underlying debt. In other words, Plaintiffs incurred the Payment Fees not because of their mortgage debt, but because of the parties' agreement for Carrington to provide a separate, optional payment method.  The Payment Fees are incidental to Carrington's provision of that optional method.

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

75 A.D.2d 350, 354 (N.Y. App. Div. 1980) ("The modification of a contract results in the establishment of a new agreement between the parties which pro tanto supplants the affected provisions of the original agreement while leaving the balance of it intact."); *2525 Capital Grp.*, 2010 WL 2402892, at *4 (holding that subsequent agreement, which contained contradictory term to initial contract was a valid contract modification and enforced the subsequent agreement).

As discussed in Section I.A, Plaintiffs Thomas-Lawson, Boley, and Green voluntarily entered into separate agreements to pay the Payment Fees so they could make their mortgage payments online or over the phone—using payment methods different from the method required in their Notes of sending payments to a physical address. These separate agreements to allow payment in a way not originally contemplated in exchange for a nominal fee easily falls within the ordinary meaning of "permitted by law." *See Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 722 (9th Cir. 2003) (holding that for conduct to be "permit[ted]" under statute, it did not require "an affirmative act of legal authority"; it is sufficient that the conduct be "acquiesce[d to], by failure to prevent"); *see also Meintzinger v. Sortis Holdings, Inc.*, 18-CV-2042 (BMC), 2019 WL 1471338, at *3 (E.D.N.Y. Apr. 3, 2019) (rejecting the plaintiff's argument that pay-by-phone charge voluntarily paid for an optional service was an unauthorized fee under the FDCPA); *Duffee v. Collecto, Inc.*, No. 3-12-CV-0187-B, 2012 WL 652228, at *1-2 (N.D. Tex. Feb. 8, 2012), *report and recommendation adopted,* 2012 WL 666150 (N.D. Tex. Feb. 28, 2012) ($15 processing fee for phone payment did not violate FDCPA because the debtor was not required to pay the account over the phone, and the fee was disclosed before it was charged).

## III.    Plaintiff Thomas-Lawson Fails to State an MCDCA or MCPA Claim.

Ms. Thomas-Lawson alleges that Carrington violates § 14-202(8) of the MCDCA, which prohibits a collector "[i]n collecting . . . an alleged debt . . .[from] [c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

right does not exist," and § 14-202(11) of the MCDCA, which prohibits violations of the FDCPA.  Md. Code Ann., Com. Law §§ 14-202(8), (11).  Neither alleged violation is pleaded sufficiently.

### A.   Ms. Thomas-Lawson's Claim Solely Challenges the Validity of the Debt.

Ms. Thomas-Lawson's allegation that Carrington did not have the authority to charge the fee under the terms of her Deed of Trust fails because it "contests the legitimacy of the fees and costs assessed," rather than the method used to collect debt. Compl. ¶¶ 163-165; *see Pruitt v. Alba Law Grp.*, No. DKC 15-0458, 2015 WL 5032014, at *5 (D. Md. Aug. 24, 2015) (dismissing MCDCA claim).  The MCDCA "is meant to proscribe certain methods of debt collection," and to that end, it "focuses on the conduct of the debt collector in attempting to collect on the debt, whether or not the debt itself is valid." *Id.* (quoting *Fontell*, 870 F. Supp. 2d at 405) (emphasis added).  Because the MCDCA "is not a mechanism for attacking the validity of the debt itself," challenges to the legitimacy of the debt must be and are uniformly dismissed. *Fontell*, 870 F. Supp. 2d at 405; s*ee, e.g., Pruitt*, 2015 WL 5032014, at *6 (granting the defendants' motion to dismiss MCDCA claim where the plaintiff "contests the legitimacy of the fees and costs assessed").

Ms. Thomas-Lawson does not challenge Carrington's efforts to "enforce [its] right" to the Payment Fee.  Md. Code Ann., Com. Law § 14-202(8).  For example, she does not allege that Carrington engaged in any "coercive or abusive methods of enforcing a debt," such as communicating with Plaintiff in an obscene, harassing, or threatening manner.  *Fontell*, 870 F. Supp. 2d at 405.  Nor does she allege any "methods of collection" taken by Carrington in connection with the Payment Fee. Instead, she merely contests that Carrington did not have the right to assess the fee. Because this challenges the validity of the debt itself rather than the methods of collection used by Carrington to "enforce [its] right," it fails as a matter of law.

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

### B.    The Complaint Does Not Allege Either Element of a MCDCA Violation.

Even if the Court were to consider the merits of Ms. Thomas-Lawson's MCDCA claim, a plaintiff must sufficiently allege "(1) that Defendant did not possess the right to collect the amount of debt sought; and (2) that Defendant attempted to collect the debt knowing that it lacked the right to do so." *Pugh v. Corelogic Credco, LLC*, No. DKC-13-1602, 2013 WL 5655705, at *4 (D. Md. Oct. 16, 2013).  The Maryland Commercial Code defines the term "right" to include a "remedy," which is further defined as "any remedial right to which an aggrieved party is entitled with or without resort to a tribunal." Md. Code Ann., Com. Law § 1-201(b)(32), (34).

The MCDCA only prohibits the assertions of rights that do not exist *at all.  See* Md. Code Ann., Com. Law § 14-202(8).  As discussed in Section I.A. above, Plaintiff entered into an agreement with Carrington to pay the fee in advance of her voluntary use of the online mortgage payment option and Carrington had the legal right to assess the fee. S*ee CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 669 (D. Md. 2009) ("'[C]lickwrap' agreements, agreements that require [a] customer [to] affirmatively click a box on the website acknowledging receipt of and assent to the contract terms . . . have been routinely upheld by circuit and district courts.") (quotation omitted).  Her express agreement to pay the Payment Fee gave Carrington the "right" to assess the fee under black letter contract law.  *Livingston v. Green Props., Inc.*, 160 A.2d 594, 597 (Md. 1960) (stating that an enforceable agreement provides parties with the "right to require performance by the other").

In addition, the MCDCA proscribes enforcing a "right with knowledge that the right does not exist," but the Complaint merely alleges that "Carrington knew that the Mortgage Agreements . . . did not expressly authorize Carrington to collect" the Payment Fee. Compl. ¶ 163.  Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.  Plaintiff ignores the separate agreement to pay the fee to make

BUCKLEY LLP

100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1   online payments and fails to sufficiently allege that the Payment Fee is prohibited by

2   her Deed of Trust or by HUD regulations.

3       The plausibility standard requires a plaintiff to demonstrate more than "a sheer

4   possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d

5   186, 193 (4th Cir. 2009) (citation omitted).  Such a bare allegation is clearly

6   insufficient to state a claim under the MCDCA, which requires allegations that a

7   defendant "acted with knowledge that the 'debt was invalid, or acted with reckless

8   disregard as to its validity.'"  *Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir.

9   2013) (internal citation omitted) (affirming the dismissal of MCDCA claim for the

10  plaintiff's failure to sufficient allege knowledge).  The allegation that Carrington

11  "knew" the Payment Fee was "not authorized" is nothing more than a recitation of the

12  statutory requirement and accordingly must be dismissed.  *See Adle-Watts v.*

13  *Roundpoint Mortg. Servicing Corp.*, No. CCB-16-400, 2016 WL 3743054, at *5 (D.

14  Md. July 13, 2016) (dismissing claim based on a MCDCA violation because "the

15  court is not convinced that [the plaintiff] has shown . . . that the defendants acted with

16  'actual knowledge or reckless disregard' that the debt was invalid.").[14]

17  **IV.    Plaintiff Padilla Fails to State a Rosenthal Act Claim.**

18      Mr. Padilla alleges that Carrington's assessment of Payment Fees violates three

19  provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788.13(e), 1788.14, and 1788.17.

20  Compl. ¶¶ 192-197.  Given his agreement with Carrington to pay the fees in order to

21  make his mortgage payment online, Mr. Padilla fails to state a claim predicated on

22

23  [14]  Because Plaintiff Thomas-Lawson failed to state a claim under the FDCPA, her derivative
24  MCDCA claim must also fail.  Ms. Thomas-Lawson's claim that Carrington violated § 14-202(11)
    of the MCDCA, which makes the violation of the FDCPA actionable under the MCDCA, also fails.
25  Md. Code Ann., Com. Law § 14-202(11).  For the reasons explained above, Ms. Thomas-Lawson
    has not plausibly stated a claim under the FDCPA.  Because her §14-202(11) claim is entirely
26  derivative of her FDCPA claim and her FDCPA claim is deficient, the claim under the MCDCA
    must also be dismissed.  Similarly, because she fails to state and MCDCA claim, her MCPA claim,
27  which is entirely derivative of her MCDCA claim, also fails.  *See Bediako v. Am. Honda Fin. Corp.*,
    850 F. Supp. 2d 574, 585 (D. Md. 2012) (dismissing MCPA claim that was "entirely derivative" of
28  a separate claim that failed as a matter of law), *aff'd*, 537 F. App'x 183 (4th Cir. 2013).

1    any of the cited provisions.

2        A violation of the FDCPA is actionable under the Rosenthal Act.  *See* Cal. Civ.

3    Code § 1788.17.  Mr. Padilla bases his Rosenthal Act claim on Carrington's alleged

4    violation of the FDCPA provision disallowing a debt collector from using an unfair

5    or unconscionable means to collect any debt, including "[t]he collection of any

6    amount (including any interest, fee, charge, or expense incidental to the principal

7    obligation) unless such amount is expressly authorized by the agreement creating the

8    debt or permitted by law."  15 U.S.C. § 1692f(1).  For the reasons explained above

9    with respect to the other Plaintiffs' stand-alone FDCPA claim, Mr. Padilla has not

10   plausibly stated a claim under the FDCPA.  Because his § 1788.17 claim is entirely

11   derivative of his FDCPA claim and his FDCPA claim is deficient, the claim under the

12   Rosenthal Act must also be dismissed.

13       Mr. Padilla also fails to plausibly allege that Carrington is a "debt collector."

14   "To state a claim under the Rosenthal Act, a plaintiff is required to allege the factual

15   basis for asserting that Defendants are debt collectors, attempting to collect debts."

16   *Anderson v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-05124-SVW-AGR, 2016 WL

17   11518592, at *3 (C.D. Cal. Feb. 24, 2016).  A "debt collector" is defined as "any

18   person who, in the ordinary course of business, regularly, on behalf of that person or

19   others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).  And "debt

20   collection" is defined as "any act or practice in connection with the collection of

21   consumer debts."  *Id.* § 1788.2(b).  Plaintiff's bare allegation that Carrington

22   "regularly engages in debt collection as defined by the statute" is insufficient to

23   plausibly plead that it is a "debt collector" regulated by the Rosenthal Act.  Compl. ¶

24   186; *see, e.g.*, *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016

25   WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016) (dismissing Rosenthal Act claim where

26   the plaintiff did not allege, "in anything other than conclusory fashion, that defendant

27   'regularly collects or attempts to collect' debts").

28       Further, "consumer debt" is limited under the statute to "money . . . due or

owing or alleged to be due or owing." *See* Cal. Civ. Code § 1788.2(f). As the California Attorney General has acknowledged, this "due or owing" limitation means that the Rosenthal Act applies only to "debts that have become delinquent, making them subject to collection." 85 Cal. Op. Att'y Gen. 215, 2002 WL 31440180, at *3 (2002). Here, rather than allege he was delinquent on his mortgage, Mr. Padilla affirmatively alleges that he "made timely mortgage payments." Compl. ¶ 90.

Nor do Payment Fees violate Section 1788.14(b). The Rosenthal Act prohibits a debt collector from "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as *permitted by law*." Cal. Civ. Code § 1788.14(b) (emphasis added). "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Although the language "except as permitted by law," in the Rosenthal Act is not identical to the FDCPA's prohibiting fee collection "unless . . . permitted by law," the language is substantially similar, mandating that these two analogous provisions be interpreted co-extensively and harmonized. *See Marcotte v. Gen. Elec. Capital Servs., Inc.*, 709 F. Supp. 2d 994, 999 (S.D. Cal. 2010). Accordingly, Carrington's assessment of fully disclosed and agreed-to payment fees for Mr. Padilla's use of an optional payment method not provided for in his loan agreements is "permitted by law" under the Rosenthal Act for the same reasons it is "permitted by law" under the FDCPA. *See supra* Section I.A.; *see also* 85 Cal. Op. Att'y Gen. 215, 2002 WL 31440180, at *4 (stating that "[c]harging a fee for a special payment option that may benefit the [borrower], where the fee is set forth in [an agreement] and the [borrower] is free to choose or reject the option, would not come within the provisions of the [Rosenthal] Act or its federal counterpart . . . particularly where the fee covers an additional cost incurred by the creditor").

Finally, Mr. Padilla fails to identify any misrepresentation in violation of §

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1788.13(e). The Rosenthal Act also prohibits a debt collector from making a "false representation that the consumer debt may be increased by the addition of . . . service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation." Cal. Civ. Code § 1788.13(e). Mr. Padilla alleges that "Carrington represented that [his] mortgage loan debts . . . may be increased by the addition of the Pay-to-Pay Fees." Compl. ¶ 194. Such a bare recitation of the statutory language is insufficient to support Mr. Padilla's claim. *See Zamora v. Penske Truck Leasing Co., L.P.*, No. 2:20-cv-02503-ODW (MRWx), 2020 WL 4748460, at *6 (C.D. Cal. Aug. 17, 2020) (Wright, J.) (dismissing claims where plaintiff failed to include "relevant facts or dates during which these alleged violations occurred, and instead merely recite[d] the statutory language in a conclusory manner[]"). Further, Mr. Padilla does not allege that Carrington made any representation whatsoever regarding whether the fees could be added to his debt, he simply alleges that Carrington assessed the fees. *See* Compl. ¶ 194; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (quotations and citation omitted) (emphasis in original).

## V.    Plaintiff Padilla Fails to State a CUCL Claim.

Mr. Padilla alleges that Carrington violated Cal. Bus. & Prof. Code § 17200 of the CUCL, on the basis that "[a] business act or practice is "unlawful" under the UCL if it violates any other law or regulation," and "Carrington's conduct violates the FDCPA and the Rosenthal Act." Compl. ¶¶ 203-204. For the reasons explained above, Mr. Padilla has not plausibly stated a claim under the Rosenthal Act. Because his CUCL claim is entirely derivative of his Rosenthal Act claims, and those claims are deficient, the claim under the CUCL must also be dismissed. *See Mariscal v. Flagstar Bank*, No. ED CV 19-2023-DMG (SHKx), 2020 WL 4804983, at *4 (C.D. Cal. Aug. 4, 2020) (dismissing UCL and breach of contract claims as derivative of

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  insufficient Rosenthal Act claims).

2  **VI.    Plaintiff Boley Fails to State a TDCA Claim.**

3      "The [TDCA] prohibits debt collectors from using various forms of

4  threatening, coercive, harassing or abusive conduct to collect debts from consumers."

5  *Jackson v. Wells Fargo Home Mortg.*, No. 3:18-CV-937-M-BH, 2019 WL 3606463,

6  at *7 (N.D. Tex. July 17, 2019).[15]   Section 392.303 prohibits a debt collector from

7  using "unfair or unconscionable means" to collect and Section 392.304 prohibits a

8  debt collector from making "fraudulent, deceptive, or misleading representation[s]."

9  Tex. Fin. Code Ann. §§ 392.303, 392.304.  Ms. Boley fails to allege either.

10      **A.    The Payment Fee Was Legally Chargeable and Authorized.**

11      Rather than prohibiting any specific types of fees, Section 392.303(a)(2) and

12  Section 392.304(a)(12) prohibit debt collectors from charging fees that are not

13  "legally chargeable" or authorized by a written contract.  In particular, Section

14  392.303(a)(2), which Ms. Boley invokes, prohibits debt collectors from collecting

15  "interest or a charge, fee, or expense incidental to the obligation unless the interest or

16  incidental charge, fee, or expense is expressly authorized by the agreement creating

17  the obligation or legally chargeable to the consumer."   Tex. Fin. Code Ann. §

18  392.303(a)(2).  As discussed above, Ms. Boley accepted the terms of her online

19  payment transaction, including the Payment Fee.  *See supra* Section I.A.  Like any

20  other customer who made an online payment in November 2019, she could not have

21  completed her transaction without affirmatively consenting to the Payment Fee.  *See*

22  *Bongalis-Royer v. RJ Worldwide, LLC*, No. 4:14-CV-330, 2015 WL 12778846, at *4-

23  5 (E.D. Tex. July 16, 2015) (finding valid contract was formed when the consumer

24  clicked "accept" and "the site will not complete the transaction if the user does not

25  _____

26  [15] In order to state a claim under the TDCA, Ms. Boley must show that (i) the debt at issue is a
consumer debt; (ii) the defendant is a "debt collector;" (iii) the defendant committed a wrongful act
in violation of the TDCA; (iv) the wrongful act was committed against the plaintiff; and (v) the
27  plaintiff was injured as a result.  *Farmer v. Bank of Am.*, No. 4:13-CV-472, 2014 WL 12575849, at
*9 (E.D. Tex. July 15, 2014), *report and recommendation adopted sub nom. Farmer v. Bank of Am.,
28  N.A.*, No. 4:13CV472, 2014 WL 12573521 (E.D. Tex. Aug. 19, 2014).

1  manifest assent to the terms of the agreement").

2     Her agreement to accept the payment terms made the fee "legally chargeable."

3  *See* Tex. Fin. Code Ann. § 392.303(a)(2).  A contractually agreed-to fee is "legally

4  chargeable" under the ordinary meaning of that phrase.  *See Richie v. JP Morgan*

5  *Chase Bank*, No. 3:11-CV-1500-N, 2012 WL 12884859, at *6 (N.D. Tex. Dec. 13,

6  2012) ("[U]nder the terms of the [TDCA], a debt collector may charge additional fees

7  if the parties have agreed to permit such charges under the contract.") (quotation

8  omitted).  This is particularly true where, as here, the fee is disclosed to the consumer

9  and entirely optional.  *See supra* Section I.A; *Barzelis v. Flagstar Bank*, No. 4:12-

10 CV-611-Y, 2016 WL 6471290, at *8 n.7 (N.D. Tex. Sept. 26, 2016) (dismissing §

11 392.04(a)(2) claim challenging that the defendant attempted to collect fees that were

12 not authorized by the Deed of Trust where the Deed of Trust explicitly stated that "the

13 absence of express authority . . . shall not be construed as a prohibition on the charging

14 of such fee[s]" because the plaintiff failed to "point to any language under the Security

15 Instrument that expressly prohibits the fees").

16    Section 392.304(a)(12), which Ms. Boley also invokes, prohibits "representing

17 that a consumer debt may be increased by the addition of attorney's fees, investigation

18 fees, service fees, or other charges if a written contract or statute does not authorize

19 the additional fees or charges."  Tex. Fin. Code Ann. § 392.304(a)(12).  The Payment

20 Fee was clearly disclosed to Ms. Boley, and she expressly authorized the fee by

21 accepting the terms and completing the online payment process.  *See Bongalis-Royer*,

22 2015 WL 12778846, at *5.

23    **B.     The Payment Fee Is Not Incidental to the Deed of Trust.**

24    Even if Section 392.303(a)(2) did prohibit Payment Fees, and it does not, unlike

25 late fees or interest charges, a Payment Fee is charged in connection with a borrower

26 electing an entirely voluntary payment method.  Carrington does not require

27 borrowers to pay a fee in connection with making their mortgage payments and Ms.

28 Boley was entitled to make payments for free.  Ostermann Decl. Ex. D ¶ 4(B)

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1   ("Payment shall be made to Payment Processing PO Box 650070 Dallas, TX 75265 .

2   . .."); *see also* Section I.A.  Ms. Boley requested to make her payment online and

3   elected to pay the Payment Fee for the entirely optional online payment service, which

4   is separate from the underlying debt obligation.  The charge for use of this entirely

5   optional service had no effect on Ms. Boley's debt obligation to her mortgage lender

6   and accordingly is not "incidental" to that obligation.  In other words, the Payment

7   Fee is not a servicing obligation of Ms. Boley's loan and does not constitute a "charge,

8   fee, or expense incidental to the [debt] obligation."  Tex. Fin. Code Ann. §

9   392.303(a)(2).

10   ## C.   Ms. Boley Has Not Plausibly Alleged a Misrepresentation Under §
11   ## 392.304(a)(12).

12   "To violate the TDCA using a misrepresentation, the debt collector must have

13   made an *affirmative statement* that was false or misleading."  *Kruse v. Bank of New*

14   *York Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013) (quotations omitted)

15   (emphasis in original).  Here, Plaintiff alleges only that Carrington "represented to

16   Plaintiff Boley . . . that it had the right to collect [Payment Fees]."  Compl. ¶ 183.

17   However, merely charging a fee is not equivalent to representing that Plaintiff's debt

18   would be increased.  *See Leal v. Bank of New York Mellon*, No. CA C-12-265, 2012

19   WL 5465978, at *12 (S.D. Tex. Oct. 22, 2012) (finding general assertion that

20   defendant attempted to collect an amount inconsistent with the note insufficient to

21   state a claim under Section 392.304).

22   Further, a plaintiff must plead any alleged misrepresentation with sufficient

23   specificity to satisfy Federal Rule of Civil Procedure 9(b).  *Woodcock v. Chase Home*

24   *Fin., LLC*, No. H-11-1199, 2012 WL 393260, at *4 (S.D. Tex. Feb. 3, 2012).  Rule

25   9(b)'s particularity requirement demands that "the who, what, when, where, and how

26   [] be laid out."  *Id.* (citation omitted).  Ms. Boley does not plead that Carrington

27   represented that her debt would be increased at all, much less when, where, and how

28   any such representation was allegedly made.

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**BUCKLEY LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

### D.    The Economic Loss Rule Defeats Ms. Boley's TDCA Claim.

Ms. Boley alleges that Carrington violated the TDCA by representing that it had the right to collect the Payment Fee when it was not "expressly authorize[d]" by the Deed of Trust.  Compl. ¶¶ 81, 117, 118, 135, 138, 183.  The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007).  Accordingly, courts have dismissed TDCA claims pursuant to the economic loss rule where plaintiffs allege that actions taken by debt collectors were wrongful only because they purportedly violated agreements governing the conduct at issue.  *See, e.g.*, *Nelson v. Ocwen Loan Servicing, LLC*, No. H-16-778, 2016 WL 7324284, at *8 (S.D. Tex. Nov. 7, 2016), *report and recommendation adopted*, No. H-16-778, 2016 WL 7242735 (S.D. Tex. Dec. 15, 2016) (barring TDCA claim premised on alleged misrepresentations regarding the amount owed on the plaintiff's loan under economic loss rule).  Because Plaintiff's claim "depend[s] entirely" on obligations he contends are governed by the parties' agreement, it is barred by the economic loss rule.  *Nelson*, 2016 WL 7324284, at *8.

### CONCLUSION

For the foregoing reasons, Carrington respectfully requests that the Court dismiss Plaintiffs' claims with prejudice.

DATED:  October 9, 2020                 BUCKLEY LLP


By:  */s/ Valerie L. Hletko*
    Geoffrey L. Warner
    Valerie L. Hletko (*pro hac vice*)
    Scott A. Sakiyama (*pro hac vice*)

    *Attorneys for Defendant Carrington
    Mortgage Services, LLC*